IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ASHLEY LEE DEUSO           )
                           ) No. 20-1313
    v.                     )

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff filed an application for social security disability insurance benefits under Title XVI of the Social Security Act, based on mental and physical impairments. She alleged disability beginning on September 1, 2010. Her application was denied initially and upon hearing by an Administrative Law Judge ("ALJ"), with a decision dated April 24, 2019. The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied.

**OPINION**

**I.  STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.     THE PARTIES' MOTIONS

First, Plaintiff contends that the ALJ erred by failing to obtain a consultative exam. Defendant contends that the record was sufficient to permit a decision absent a consultative exam, and that the ALJ properly exercised his discretion to reject the request.

By letter dated December 19, 2018, Plaintiff's counsel requested consultative exams, noting Plaintiff's issues accessing insurance, housing insecurity, and eligibility for insurance as of December 15, 2018. Counsel requested that the hearing, scheduled for February 7, 2019, be continued if consultative evaluations would not be completed by then. At the hearing, counsel again requested consultative exams, and the ALJ stated that he would take the request under advisement.

In his decision, the ALJ found severe impairments of fibromyalgia, migraines, arthropathies, affective disorder, and asthma. Also in his decision, the ALJ addressed counsel's request for consultative exams:

> Moreover, the undersigned denied her request for a consultative exam. Contrary to the representative's brief in Exhibit 9E, the claimant testified at the hearing that she was covered under her ex-husband's insurance but had problems using it because he would not provide required information. The record indicates that the claimant has had insurance coverage as early as March 2018 (see 20F). Further, claimant herself testified that she obtained medical insurance in December 2018. In addition, considering the existing exhibits and evidence, a consultative examination in 2019 provides little probative value in light of the claimant's condition as of the application date in March 2017.

"[T]he ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." Thompson v. Halter, 45 F. App'x 146, 149 (3d Cir. 2002). In any case, "[t]he decision to order a consultative examination is within the sound discretion of the ALJ." Id. Courts have observed that "[a]s a lay fact-finder, it is the ALJ's responsibility to secure a medical opinion explaining a claimant's functional limitations." Forberger v. Astrue, No. 10-376, 2011 U.S. Dist. LEXIS 29046, at *39 (W.D. Pa. Mar. 21, 2011). "'[I]t is error for an ALJ to refuse to obtain a complete consultative examination and then to deny benefits because the record lacks the evidence such an examination could have produced,'… particularly '[w]here a claimant

suffers an impairment but cannot afford diagnostic studies or treatment.'" Ray v. Astrue, 649 F. Supp. 2d 391, 406 (E.D. Pa. 2009). In addition, however, "when an ALJ fashions a residual functional capacity determination on a sparse factual record or in the absence of any competent medical opinion evidence, [some] courts have adopted a more pragmatic view and have sustained the ALJ's exercise of independent judgment based upon all of the facts and evidence." Woodman v. Berryhill, No. 17-151, 2018 U.S. Dist. LEXIS 30405, at *12 (M.D. Pa. Jan. 30, 2018).

The record contains medical records from 2005-2016, and then a single visit from March, 2018. As the ALJ noted, this represents a "gap" in the record. As Plaintiff points out, and Defendant does not dispute, the record does not establish that Plaintiff had access to health insurance as early as March 2018, and the ALJ expressly considered Plaintiff's insured status pertinent to the need for a consultative exam. In addition, the ALJ did not consider any opinion evidence when arriving at the RFC.[1] Further, the ALJ found that Plaintiff's subjective complaints were inconsistent with the medical record. The Court notes that two of Plaintiff's conditions, fibromyalgia and migraines, often necessitate careful assessment of subjective complaints. See, e.g., Polly v. Comm'r of Soc. Sec., No. 17-968, 2018 U.S. Dist. LEXIS 147922, at *3 (W.D. Pa. Aug. 30, 2018). Moreover, it is well-settled that subsequent medical opinions, records, or examinations might shed light on previous records or conditions; they do not per se lack probative value merely due to the passage of time.

In this particular case, the question is a close one. The record reflects that Plaintiff did have health insurance as of mid-December, 2018, and had some appointments slated to occur thereafter; it is, generally speaking, Plaintiff's responsibility to ensure that the record is

---

[1] This case thus differs from cases such as Carrara v. Colvin, Civil Action No. 13-1123, 2014 U.S. Dist. LEXIS 68096 (W.D. Pa. May 19, 2014), where the record contained opinion evidence. While an ALJ is not strictly required to rely on medical opinion, it is a factor to be considered in the context of this matter.

4

complete, and the ALJ left the record open for thirty days. Nevertheless, the Court is unable to conduct a proper review and determine that the ALJ's decision is supported by substantial evidence. In addition, the Court cannot conclusively determine that the ALJ erred in failing to order a consultative exam; instead, further assessment of the propriety of a consultative exam is warranted. This matter will be remanded for that reason alone. I need not reach Plaintiff's other assignments of error, but the ALJ may, of course, revisit any of his conclusions should the situation warrant same. I emphasize that this decision is limited to the record at bar; a mere gap in treatment, even where the claimant has limited access to insurance or health care, will not necessarily warrant remand.

## CONCLUSION

In conclusion, this matter will be remanded for further proceedings consistent with the foregoing Opinion. An appropriate Order follows.

BY THE COURT:

_/s/ Donetta W. Ambrose_

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: 1/13/22

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ASHLEY LEE DEUSO                    )
                                    ) No. 20-1313
    v.

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

## ORDER

AND NOW, this 13th day of January, 2022, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED, and this matter remanded for further proceedings consistent with the foregoing Opinion.

                              BY THE COURT:

                              */s/ Donetta W. Ambrose*

                              Donetta W. Ambrose

                              Senior Judge, U.S. District Court